# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-423V
**Filed: May 29, 2018**

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | UNPUBLISHED |
| MARY KATE WRIGHT and GARRY WRIGHT, as legal representatives of a minor child, M.W., | \* \* \* | |
| | \* | Case No. 12-423V |
| Petitioner, | \* \* | |
| v. | \* \* | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Damages Award; Proffer; Encephalopathy; DTaP-IPV/Hib Vaccine. |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 28, 2012, Mary Kate Wright and Garry Wright filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"),[2] as the legal representatives of their minor son, M.W. Petitioners alleged that the Pentacel[3] vaccine that M.W. received on July 6, 2009, caused encephalopathy. Petition at ¶73-74. On September 21,

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

[3] Pentacel is the trade name for a vaccination consisting of combined diphtheria, tetanus, and acellular pertussis ("DTaP"); inactivated polio virus ("IPV"); and Haemophilus influenzae type B ("Hib") vaccines.

1

2015, Special Master Denise Vowell issued a decision finding that petitioners were entitled to compensation.

On May 29, 2018, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioners agree with the proffered award. Proffer at 2-3. Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

(1) **A lump sum payment of $1,228,911.64, representing compensation for lost future earnings ($921,885.04), pain and suffering ($225,000.00), and life care expenses expected to be incurred during the first year after judgment ($82,026.60), in the form of a check made payable to petitioners as court-appointed guardian(s)/conservator(s) of M.W.'s estate.**

(2) **A lump sum payment in the amount of $658,747.40, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.**

(3) **An amount sufficient to purchase the annuity contract described in section II.C. of the Proffer.**

Proffer at 3-4.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

       **IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARY KATE WRIGHT and GARRY WRIGHT, )<br>as legal representatives of a minor child, M.W., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>SECRETARY OF )<br>HEALTH AND HUMAN SERVICES, )<br>)<br>Respondent. )<br>) | No. 12-423V<br>Chief Special Master Nora Beth Dorsey |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 28, 2012, Mary Kate Wright and Garry Wright ("petitioners") filed this claim under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"), *as amended*, 42 U.S.C. §§ 300aa-1 to 34, on behalf of their son, M.W., alleging that the diphtheria-tetanus-acellular-pertussis, inactivated poliovirus, and hemophilus influenza B combination vaccine that he received on July 6, 2009, caused encephalopathy. Following a hearing, Special Master Denise Vowell issued a written opinion on September 21, 2015, concluding that petitioners were entitled to vaccine compensation after finding that M.W. suffered an encephalopathy that satisfied the criteria set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3.

**I.    Items of Compensation**

   A.    Life Care Items

The respondent engaged life care planner, M. Virginia Walton, RN, MSN, FNP, CNCLP, and petitioners engaged Roberta J. Hurley, BS. Ed., and Terry K. Arnold, RN, CDMS, CRRN, CLCP, CNLCP, to provide an estimation of M.W.'s future vaccine-injury related needs. For the

purposes of this proffer, the term "vaccine related" is as described in the Chief Special Master's Ruling Finding Entitlement, filed September 21, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for M.W., attached hereto as Tab A.[1] Respondent proffers that M.W. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2] Petitioners agree.

    B.    <u>Lost Future Earnings</u>

The parties agree that based upon the evidence of record, M.W. will not be gainfully employed in the future. Therefore, respondent proffers that M.W. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for M.W.'s lost future earnings is $921,885.04. Petitioners agree.

    C.    <u>Pain and Suffering</u>

Respondent proffers that M.W. should be awarded $225,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] The parties have no objection to the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves her right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's September 21, 2015, decision finding petitioners entitled to an award under the Vaccine Act. This right accrues following entry of judgment.

D.   Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to M.W.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $658,747.40. Petitioners agree.

**II.   Form of the Award**

The parties recommend that the compensation provided to M.W. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $1,228,911.64, representing compensation for lost future earnings ($921,885.04), pain and suffering ($225,000.00), and life care expenses for Year One ($82,026.60), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of M.W., for the benefit of M.W. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of M.W.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.W., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.W. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $658,747.40, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

C. An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of M.W., only so long as M.W. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. M.W. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

2. Life-Contingent Annuity

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as M.W. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of M.W.'s death.

3. Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of M.W.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of M.W., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.W. upon submission of written documentation of such appointment to the Secretary.

**III.     Summary of Recommended Payments Following Judgment**

    A.     Lump sum paid to petitioners as court-appointed guardian(s)/conservator(s) of M.W.'s estate: **$ 1,228,911.64**

    B.     Paid to petitioners: **$ 658,747.40**

    C.     An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail: lara.a.englund@usdoj.gov

Dated: May 29, 2018

**Appendix A:  Items of Compensation for M.W.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
| Amerihealth Deductible | 5% | | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Amerihealth Premium | 5% | | M | 6,708.60 | 6,708.60 | 6,708.60 | 6,708.60 | 7,304.88 | 7,532.88 | 7,760.88 | 8,006.40 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Neurologist | 5% | * | | 492.50 | 492.50 | 492.50 | 492.50 | 492.50 | 492.50 | 492.50 | 492.50 |
| Mileage:  Neurodev. Pediatrician/ Neurologist | 4% | | | 8.13 | 8.13 | 8.13 | 8.13 | 8.13 | 8.13 | 8.13 | 8.13 |
| Cognitive Behavioral Therapist | 5% | * | | 3,885.00 | 3,885.00 | 3,885.00 | 1,295.00 | 1,295.00 | 1,295.00 | 1,295.00 | 1,295.00 |
| Mileage: Cognitive Behavioral Therapist | 4% | | | 419.58 | 419.58 | 419.58 | 139.86 | 139.86 | 139.86 | 139.86 | 139.86 |
| Psychiatry | 5% | * | | 600.00 | 600.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Mileage: Psychiatry | 4% | | | 82.15 | 82.15 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 |
| Neuropsych | 5% | | | 2,300.00 | | | | 2,300.00 | | | |
| Mileage:  Neuropsych | 4% | | | 10.01 | | | | 10.01 | | | |
| Intuniv | 5% | * | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| ST Eval & ST | 4% | | M | 15,380.00 | 15,380.00 | 8,500.00 | 8,500.00 | 8,500.00 | 8,500.00 | 8,500.00 | 8,500.00 |
| Therapeutic Aide | 4% | | M | 7,596.00 | 7,596.00 | 6,696.00 | 6,696.00 | 6,696.00 | 6,696.00 | 6,696.00 | 6,696.00 |
| Service Dog | 4% | | | 7,403.76 | | | | | | | |
| Service Dog Care | 4% | | M | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 |
| Education Advocate | 4% | | | 6,750.00 | 3,000.00 | 3,000.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 |
| Mileage: Education Advocate | 4% | | | 1,177.20 | 654.00 | 654.00 | 261.60 | 261.60 | 261.60 | 261.60 | 261.60 |
| Tutoring | 4% | | M | 10,140.00 | 10,140.00 | 8,840.00 | 8,840.00 | 8,840.00 | 8,840.00 | 8,840.00 | 8,840.00 |
| College Austism Spectrum | 4% | | | | | | | | | | 150.00 |
| Electronics | 4% | | | 500.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Otter Box | 4% | | | 33.68 | 16.84 | 16.84 | 16.84 | 16.84 | 16.84 | 16.84 | |
| FM System | 4% | | | 139.99 | | | | | 139.99 | | |
| Nanny | 4% | | M | 8,400.00 | 8,400.00 | 8,400.00 | 4,200.00 | 4,200.00 | 4,200.00 | 4,200.00 | 4,200.00 |
| Travel | 4% | | | 6,080.00 | 6,080.00 | 6,080.00 | 6,080.00 | | | | |
| Lost Future Earnings | | | | 921,885.04 | | | | | | | |
| Pain and Suffering | | | | 225,000.00 | | | | | | | |

**Appendix A: Items of Compensation for M.W.**   Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
| Past Unreimbursable Expenses |  |  |  | 658,747.40 |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 1,887,659.04 | 67,632.80 | 58,205.86 | 49,093.74 | 45,920.03 | 43,978.01 | 44,066.02 | 44,444.70 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of M.W. for the benefit of M.W., for lost future earnings ($921,885.04),
pain and suffering ($225,000.00), and Yr 1 life care expenses ($82,026.60): $1,228,911.64.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Mary Kate Wright and Michael Wright, for past un-reimbursable expenses: $658,747.40.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

**Appendix A: Items of Compensation for M.W.**     Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 2026 | Compensation Year 10 2027 | Compensation Year 11 2028 | Compensation Year 12 2029 | Compensation Year 13 2030 | Compensation Year 14 2031 | Compensation Year 15 2032 | Compensation Years 16-19 2033-2036 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Amerihealth Deductible | 5% | | | 1,000.00 | 1,000.00 | 1,000.00 | | | | | |
| Amerihealth Premium | 5% | | M | 8,252.04 | 8,506.32 | 8,769.36 | | | | | |
| Medicare Part B Premium | 5% | | M | | | | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% | | | | | | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 |
| Medicare Part D | 5% | | M | | | | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 |
| Neurologist | 5% | * | | 492.50 | 492.50 | 492.50 | 98.50 | 98.50 | 98.50 | 98.50 | 98.50 |
| Mileage: Neurodev. Pediatrician/ Neurologist | 4% | | | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 |
| Cognitive Behavioral Therapist | 5% | * | | 1,295.00 | | 1,295.00 | | 259.00 | | 259.00 | |
| Mileage: Cognitive Behavioral Therapist | 4% | | | 139.86 | | 139.86 | | 139.86 | | 139.86 | |
| Psychiatry | 5% | * | | 300.00 | 300.00 | 300.00 | 365.00 | 365.00 | 365.00 | 365.00 | 365.00 |
| Mileage: Psychiatry | 4% | | | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 |
| Neuropsych | 5% | | | | | | | | | | |
| Mileage: Neuropsych | 4% | | | | | | | | | | |
| Intuniv | 5% | * | | 1,000.00 | 1,000.00 | 1,000.00 | | | | | |
| ST Eval & ST | 4% | | M | | | | | | | | |
| Therapeutic Aide | 4% | | M | | | | | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 |
| Service Dog | 4% | | | | | 7,403.76 | | | | | |
| Service Dog Care | 4% | | M | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 |
| Education Advocate | 4% | | | | | | | | | | |
| Mileage: Education Advocate | 4% | | | | | | | | | | |
| Tutoring | 4% | | M | | | | | | | | |
| College Austism Spectrum | 4% | | | 5,000.00 | 2,500.00 | 2,500.00 | 2,500.00 | | | | |
| Electronics | 4% | | | 250.00 | 250.00 | 250.00 | | | | | |
| Otter Box | 4% | | | | | | | | | | |
| FM System | 4% | | | | | 139.99 | | | | | |
| Nanny | 4% | | M | | | | | | | | |
| Travel | 4% | | | | | | | | | | |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |

**Appendix A: Items of Compensation for M.W.**  Page 4 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Year 14 | Compensation Year 15 | Compensation Years 16-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 | 2033-2036 |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Annual Totals | | | | 19,697.96 | 16,017.38 | 25,259.03 | 8,110.06 | 9,752.92 | 9,354.06 | 9,752.92 | 9,354.06 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of M.W. for the benefit of M.W., for lost future earnings ($921,885.04), pain and suffering ($225,000.00), and Yr 1 life care expenses ($82,026.60): $1,228,911.64.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Mary Kate Wright and Michael Wright, for past un-reimbursable expenses: $658,747.40.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 20 2037 | Compensation Year 21 2038 | Compensation Years 22-24 2039-2041 | Compensation Year 25 2042 | Compensation Years 26-29 2043-2046 | Compensation Year 30 2047 | Compensation Years 31-54 2048-2071 | Compensation Years 55-Life 2072-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Amerihealth Deductible | 5% | | | | | | | | | | |
| Amerihealth Premium | 5% | | M | | | | | | | | |
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% | | | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 |
| Medicare Part D | 5% | | M | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 | 1,387.00 |
| Neurologist | 5% | * | | 98.50 | 98.50 | 98.50 | 98.50 | 98.50 | 98.50 | 98.50 | 98.50 |
| Mileage: Neurodev. Pediatrician/ Neurologist | 4% | | | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 | 13.35 |
| Cognitive Behavioral Therapist | 5% | * | | 259.00 | | | 259.00 | | 259.00 | | |
| Mileage: Cognitive Behavioral Therapist | 4% | | | 139.86 | | | 139.86 | | 139.86 | | |
| Psychiatry | 5% | * | | 365.00 | 365.00 | 365.00 | 365.00 | 365.00 | 365.00 | 365.00 | 225.00 |
| Mileage: Psychiatry | 4% | | | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 35.21 | 11.73 |
| Neuropsych | 5% | | | | | | | | | | |
| Mileage: Neuropsych | 4% | | | | | | | | | | |
| Intuniv | 5% | * | | | | | | | | | |
| ST Eval & ST | 4% | | M | | | | | | | | |
| Therapeutic Aide | 4% | | M | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 | 3,744.00 |
| Service Dog | 4% | | | | 7,403.76 | 740.38 | 740.38 | 740.38 | 740.38 | 740.38 | 740.38 |
| Service Dog Care | 4% | | M | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 |
| Education Advocate | 4% | | | | | | | | | | |
| Mileage: Education Advocate | 4% | | | | | | | | | | |
| Tutoring | 4% | | M | | | | | | | | |
| College Austism Spectrum | 4% | | | | | | | | | | |
| Electronics | 4% | | | | | | | | | | |
| Otter Box | 4% | | | | | | | | | | |
| FM System | 4% | | | | | | | | | | |
| Nanny | 4% | | M | | | | | | | | |
| Travel | 4% | | | | | | | | | | |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |

**Appendix A: Items of Compensation for M.W.**  Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 20 | Compensation Year 21 | Compensation Years 22-24 | Compensation Year 25 | Compensation Years 26-29 | Compensation Year 30 | Compensation Years 31-54 | Compensation Years 55-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2037 | 2038 | 2039-2041 | 2042 | 2043-2046 | 2047 | 2048-2071 | 2072-Life |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Annual Totals | | | | 9,752.92 | 16,757.82 | 10,094.44 | 10,493.30 | 10,094.44 | 10,493.30 | 10,094.44 | 9,930.96 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of M.W. for the benefit of M.W., for lost future earnings ($921,885.04),
pain and suffering ($225,000.00), and Yr 1 life care expenses ($82,026.60): $1,228,911.64.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Mary Kate Wright and Michael Wright, for past un-reimbursable expenses: $658,747.40.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.