# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 10, 2018

| | |
|---|---|
| * * * * * * * * * * * * *  | |
| MARY KATE WRIGHT AND GARRY    * | UNPUBLISHED |
| WRIGHT, as legal representatives of a   * | |
| minor child, M.W.,   * | |
|  * | Case 12-423V |
| Petitioners,   * | |
|  * | Chief Special Master Dorsey |
| v.   * | |
|  * | Reasonable Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH    * | Travel Costs. |
| AND HUMAN SERVICES,   * | |
|  * | |
| Respondent.   * | |
| * * * * * * * * * * * * *  | |

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN for petitioners.
Lara A. Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 28, 2012, Mary Kate Wright and Garry Wright ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program") as the

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1-34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

legal representatives of their minor son, M.W.  Petitioners alleged that the Pentacel[3] vaccine that M.W. received on July 6, 2009, caused encephalopathy. Petitioner at ¶73-74.  On September 21, 2015, Special Master Denise Vowell issued a decision finding that petitioners were entitled to compensation. On May 29, 2018, respondent filed a Proffer on Award of Compensation, in which respondent represented that petitioners agreed with the proffered award.  On the same day, the undersigned adopted the proffer as her Decision Awarding Damages. ECF No. 137.

On October 1, 2018, petitioners filed a motion for attorneys' fees and costs, requesting compensation for the attorneys and law clerks who worked on their case.  Motion for Attorney Fees and Expenses ("Fees App.") (ECF No. 141).  Specifically, petitioners requested $124,532.60 in attorneys' fees to compensate their attorney of record, Mr. Michael McLaren, and others at Mr. McLaren's firm.  Fees App. at 11.  Petitioners also requested $26,454.43 in attorneys' costs and $7,257.77 in petitioners' costs.  Fees App. at 12.  Thus, petitioners request a total of $158,244.80.  Respondent filed his response on October 5, 2018, indicating that he did not oppose petitioners' motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.

For the reasons discussed below, the undersigned GRANTS petitioners' motion in part and awards $149,658.36 in attorneys' fees and costs.

**I.     Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioners, the undersigned finds that they are entitled to an award of reasonable attorneys' fees and costs.

**a.  Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

---

[3] Pentacel is the trade name for a vaccination consisting of combined diphtheria, tetanus, and acellular pertussis ("DTaP"); inactivated polio virus ("IPV"); and Haemophilus influenzae type B ("Hib") vaccines.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioners' fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioners request the following rates of compensation for their attorneys: for Mr. Michael McLaren, $410.00 per hour for work performed in 2015, $425.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, and $456.00 per hour for work performed in 2018; for Mr. Chris Webb, $295.00 per hour for work performed in 2015, $305.00 per hour for work performed in 2016, $315.00 per hour for work performed in 2017, and $340.00 per hour for work performed in 2018; and for Mr. William Cochran, Jr., $345.00 per hour for work performed in 2015, $355.00 per hour for work performed in 2016, and $365.00 per hour for work performed in 2017. Fees App. at 11. Petitioners also request that paralegals and law clerks be compensated at rates ranging from $135.00 per hour to $153.00 per hour. Id. Attorneys at Black McLaren Jones Ryand & Griffee, PC ("BMJRG") have consistently been found to be entitled to in-forum rates. Reichert v. Sec'y of Health & Human Servs., No. 16-697V, 2018 WL 3989429, at *2 (Fed. Cl. Spec. Mstr. June 20, 2018); Henry v. Sec'y of Health & Human Servs., No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016).

As the undersigned has noted in the past, Ms. Webb may only be awarded up to $326.00 for work performed in 2018. See Booth v. Sec'y of Health & Human Servs., No. 17-246V, 2018 WL 2772540, at *1 (Fed. Cl. Spec. Mstr. Mar. 7, 2018). Because Mr. Webb billed 61.40 hours at a rate of $340.00 in 2018, this adjustment results in a reduction of $859.60.[4] The undersigned finds that the other requested rates are reasonable and in accordance with the rates set forth in

---

[4] This reduction is calculated as follows: 61.4 hours x $14 = $859.60.

McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### ii. Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate. For reasons explored more thoroughly below, the undersigned reduces the requested fees by 5%, resulting in a further deduction of $6,183.65.[5]

#### 1. Excessive and Block Billing

Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Human Servs., 07–137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 99–670V, 2006 WL 3903710 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 99–670V, 2006 WL 3903710 (Fed. Cl. Spec. Mstr. Dec. 15, 2006).

In the present case, there are several examples of billing entries which constitute block billing. For example, one entry on February 9, 2016, billed for 2.3 hours, reads "Go back and read over old records, make travel arrangements, confer with Ginger Walton, confer with the Wrights, letter to the Wrights; Letter to life care planners; confer with clients again." Fees App. Ex. 2 at 6. Another entry on February 22, 2016, combines 10 hours of travel along with 5 hours of work into a single entry. Id. at 7. Such entries do not allow the undersigned to assess the reasonableness of the time spent on individual tasks.

Additionally, the undersigned has noted numerous examples of excessive billing. Orders from the court, such as status conference orders, were routinely reviewed by both a paralegal and an attorney, with both billing time to review and update the case file.[6] One law clerk, CMG, also billed an excessive amount of time in preparing petitioners' out of pocket expense spreadsheet – from 3/9/17 to 4/27/17, the law clerk billed over 30 hours on this one task. Fees App. Ex. 2 at 20-27.

#### 2. Administrative/Paralegal Work

It is well established that attorneys who bill for paralegal-level work must appropriately reduce their fee. Mostovoy, 2016 WL 720969, at *5. Moreover, the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be

---

[5] The reduction is calculated as follows: (Requested fees of $124,532.60 - $859.60 reduction for attorney rate adjustment) * 0.05 = $6,183.65.

[6] Examples of this can be found on 1/28/16, 4/18/16, 4/27/17, 4/28/17, 10/23/17, 10/27/17, and 12/14/17. Such examples are only illustrative and are not meant to represent the totality of instances of double billing.

4

considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); Mostovoy, 2016 WL 720969, at *12.

There are many examples of paralegals/law clerks billing for administrative/clerical tasks, such as filing documents, forwarding e-mails or documents to attorneys, and calendaring deadlines. The undersigned thus finds it reasonable to reduce petitioners' fees award due to the excessive amount of administrative work billed.

### b. Attorneys' Costs

Petitioner requests a total of $26,454.43 in attorneys' costs. This amount includes $19,995.79 for expert work done of the case by two life care planners, an economic consultant, and a vocational assessment, and $6,458.64 for travel costs and other miscellaneous expenses.

### i. Costs for Professional Services

Petitioners retained three experts to perform professional services on this case: economic consultant Dr. Parker Cashdollar and life care planning services from Ms. Roberta Hurley and Life Care Consultants, Inc. Starting with Dr. Cashdollar, he billed 15.5 hours at a rate of $200.00 per hour. Fees App. Ex. 2 at 94. The undersigned and other special masters have previously found Dr. Cashdollar's rate to be reasonable. I.H. v. Sec'y of Health & Human Servs., No. 13-766V, 2016 WL 7666536, at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2016); Weir v. Sec'y of Health & Human Servs., No. 15-1491V, 2018 WL 5095156, at *4 n. 4 (Fed. Cl. Spec. Mstr. Sept. 11, 2018). The undersigned has reviewed Dr. Cashdollar's billing statement and finds all of the entries to be reasonable. Accordingly, this cost shall be reimbursed in full.

Next, petitioners request $1,400.00 in compensation for the work of Dr. C. Greg Cates. Dr. Cates has a doctorate in education, and performed a vocational assessment in this case. Dr. Cates billed 5.60 hours of work at $250.00 per hour. Fees App. Ex. 2 at 106. The undersigned has reviewed Dr. Cates' billing records and finds the hours worked and the rate charged to be reasonable and shall award the full amount requested.

Petitioners next request $5,432.75 for the services of Life Care Consultants, Inc. in preparing a life care plan for M.W. The billing records indicate that a total of 40.15 hours were billed on this matter by three individuals, "TKA" who billed $185.00 per hour and "AS" and "KH" who billed $85.00 per hour. The undersigned has reviewed the billing records and finds the work performed to be reasonable. This cost will also be reimbursed in full.

5

Finally, petitioners seek $10,063.04 for the services of another life care planner, Ms. Roberta Hurley. Ms. Hurley billed approximately 80 hours at $125.00 per hour. The undersigned has reviewed Ms. Hurley's billing records, and finds the work performed to be reasonable. Petitioners will thus be awarded the full amount for Ms. Hurley's work.

### ii. Other Costs

Petitioners seek $5,903.23 for travel expenses such as airfare, hotel, and food, and for other miscellaneous expenses such as postage. Upon review, the undersigned as noticed several issues which warrant reducing petitioners' award of costs.

Turning first to expenses billed by Mr. McLaren, the record indicates that Mr. McLaren charged $1,309.70 on first class roundtrip airfare on February 10, 2016. Fees App. Ex. 2 at 65. Mr. McLaren then again billed $924.70 on Delta Comfort + airfare on September 14, 2016. Id. at 82.[7] As Mr. McLaren, a longtime practitioner in the Vaccine Program, is undoubtedly aware, the Vaccine Program does not compensate for upgraded methods of travel such as first class airfare and business class and Acela train fare. See Tetlock v. Sec'y of Health & Human Servs., No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); Reichert, 2018 WL 3989429, at *4; McCulloch, 2015 WL 5634323, at *22.[8] Mr. McLaren has offered no reason as to why it was necessary for him to book first class airfare, nor has he attempted to make any showing that he mitigated the cost in some manner, such as billing a reduced amount. The undersigned will therefore reduce first class ticket by 50% and the Comfort + ticket by 33% - this results in a total reduction of $963.08.

Turning next to expenses billed by Mr. Webb, it appears that Mr. Webb has also billed for first class airfare. Unlike his colleague, however, Mr. Webb has attempted to justify his purchase by noting that the first class ticket he purchased was actually slightly less money than a coach ticket at more desirable times would have been. Fees App. Ex. 2 at 113-115. The undersigned notes that airfare is subject to wide-ranging price differentials based upon, among other factors, the date on which the flight is booked, and that one curated data point cannot be extrapolated to show that a first class flight was the most reasonable option of travel. Because the Vaccine Program does not compensate for first class airfare, the undersigned shall reduce the amount of the ticket by half, resulting in a reduction of $473.25.

Also requiring reduction is a charge of $213.73 for Uber Black service from LaGuardia Airport to Manhattan and back. Fees App. Ex. 2 at 110-111. While Uber is certainly a compensable method of transportation, Uber Black is essentially a black car service provided by Uber and is therefore more luxurious and more expensive than traditional Uber service. The undersigned will also reduce this cost by half, resulting in a reduction of $106.86.

---

[7] The submitted travel itinerary indicates Mr. McLaren's ticket as "W" class, which is indicative of Delta Airlines' Comfort + tickets. https://pro.delta.com/content/agency/gb/en/products-and-services/in-flight/delta-comfort-plus html.

[8] The undersigned notes that Mr. McLaren was counsel of record in Reichert, thus eliminating any possibility that he was unaware of the Court's longstanding rule in not compensating upgraded travel methods.

The undersigned finds the rest of the billed costs, which include other travel expenses, photocopies, and postage, to be reasonable. Accordingly, the total amount reduced from petitioners' award of attorneys' costs is $1,543.19.

### c. Petitioners' Costs

Petitioners also request $7,257.77 in petitioners' costs. The majority of this amount ($6,082.77) is for the legal services of Mr. George Holland, Esq., in establishing a guardianship for petitioners. Ex. 106 at 3. The billing records indicate that Mr. Holland billed 16.8 hours in this matter at a rate of $350.00 per hour and incurred $202.77 in expenses for the filing fee and postage. Mr. Holland is an experienced attorney in disability law and has been barred since 1996. Upon review, the undersigned finds Mr. Holland's requested rate and hours billed to be reasonable in light of his overall experience and the work he performed on this case. The undersigned will therefore compensate petitioners fully for this cost.

The remaining costs, which are for medical visits with a psychologist to prepare a psychological report for M.W., have been fully documented and appear to be reasonable. Accordingly, petitioners are awarded the full amount of their requested costs, $7,257.77.

## II. Conclusion

Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested attorneys' fees: | $ 124,532.60 |
| Reduction in hourly rate: | $ (859.60) |
| Reduction in attorneys' fees: | $ (6,183.65) |
| Total fees for Clifford J. Shoemaker: | $ 117,489.35 |
| | |
| Requested attorneys' costs: | $ 26,454.43 |
| Reduction in attorneys' costs: | $ (1,543.19) |
| Total attorneys' costs: | $ 24,911.24 |
| **Total Attorneys' Fees and Costs:** | **$ 142,400.59** |
| | |
| Requested petitioners' costs: | $ 7,257.77 |
| Reductions: | $ (0.00) |
| Total petitioners' costs: | $ 7,257.77 |
| | |
| **Total Fees and Costs Awarded:** | **$ 149,658.36** |

**Accordingly, the undersigned awards:**

1) **$142,400.59 in attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Michael G. McLaren.**

    **2) $7,257.77 in petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

    **IT IS SO ORDERED.**

    **s/Nora B. Dorsey**
    Nora B. Dorsey
    Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.